UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3375 AHM<br>CR 04-630 AHM√ | Date | April 17, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. ASIF ABBAS | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes<br>Deputy Clerk | Not Reported<br>Court Reporter / Recorder | | Tape No. |

Attorneys **NOT** Present for Plaintiffs:    Attorneys **NOT** Present for Defendants:

**Proceedings:**         (IN CHAMBERS)

## I.   INTRODUCTION

On July 9, 2004, a federal grand jury charged Defendant Asif Abbas ("Defendant") in a First Superceding Indictment with wire fraud (in violation of 18 U.S.C. § 1343), conspiracy to commit wire fraud, mail fraud (in violation of 18 U.S.C. § 1341), conspiracy to commit mail fraud, money laundering (in violation of 18 U.S.C. § 1956(a)(1),(2)), and making false statements to a government official (in violation of 18 U.S.C. § 1001).  On February 16, 2005, the government filed a Second Superceding Indictment.

Before the trial, the government and Defendant stipulated to the admissibility of the other party's exhibits.  (Trans. 6/21/05: 1-2.)  During the trial, the government called as a witness Special Agent Nugent of the Internal Revenue Service.  Agent Nugent testified as both an expert and a fact witness regarding the investigation of the fraudulent scheme in which Defendant was involved.  (Trans. 6/22/05: 39,42.)  Agent Nugent described documents from victim companies, including Digi-Key, which received credit applications containing falsified information, and testified whether such documents reflected fraud.  (Trans. 6/21/05: 63,64,69,74-75.)  Agent Nugent also testified about statements that Defendant made to him on April 28, 2004.  (Trans. 6/21/05: 54-60.)  On that day, federal agents interviewed Defendant at a federal courthouse, where Defendant had appeared to attend a co-defendant's initial appearance and detention hearing.  (Trans.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3375 AHM<br>CR 04-630 AHM√ | Date | April 17, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. ASIF ABBAS | | |

6/21/05: 57-58.)  The agents then asked Defendant if they could meet with him at his place of business.  (*Id*.)  After some hesitation, Defendant agreed to and did meet with the agents at his place of business later that day.  (Trans. 6/21/05: 57-58.)  Subsequently, Defendant agreed to continue the interview at a nearby coffee shop.  (Trans. 6/21/05: 60.)  At trial, the government also introduced evidence of a conversation between Defendant and co-defendant John Campbell on July 6, 2004, which was recorded by a recording device voluntarily worn by Mr. Campbell.  (Trans. 6/21/05: 60.)

On June 28, 2005, a jury convicted Defendant of conspiracy to commit wire fraud, wire fraud, and making false statements to a government official.  The jury was unable to reach a verdict on the remaining charges.  On November 14, 2005, the Court sentenced Defendant to 41 months imprisonment, three years supervised release, a specific assessment of $400, and restitution in the amount of $1,423,509.68.  On direct appeal, the Ninth Circuit affirmed the convictions and sentence in an unpublished opinion.  *United States v. Abbas*, 2006 WL 3456471 (9th Cir. Nov. 30, 2006).  The Ninth Circuit declined "to review Abbas's ineffective assistance of counsel claim at this stage, as the record is not 'sufficiently developed' to permit meaningful review of this claim on direct appeal, and the limited record before the court evidences no 'obvious denial of Abbas's Sixth Amendment right to counsel.'"  *Id.* at *1 (citation omitted).

On April 30, 2007, pursuant to Federal Rule of Criminal Procedure 41(g), Defendant moved for the return of property that agents of the Federal Bureau of Investigation ("FBI") had seized from his store.  On May 23, 2007, Defendant moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, the Court DENIES both motions.

## II. LEGAL STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail on a Sixth Amendment ineffective assistance of counsel claim, "'the defendant must show that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense.'  The attorney's performance is evaluated against 'an objective standard of reasonableness,' which is ascertained in light of prevailing professional norms and all relevant circumstances."  *Tanner v. McDaniel*, 493 F.3d 1135, 1141 (9th Cir. 2007) (citing *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984)).  Both prongs of the *Strickland* test must be satisfied in order to establish a constitutional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3375 AHM<br>CR 04-630 AHM√ | | Date | April 17, 2008 |
|---|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. ASIF ABBAS | | | |

violation. *Strickland*, 466 U.S. at 697. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*

### III.   DEFENDANT'S CONTENTIONS

Defendant challenges his conviction and sentence because his trial counsel did not provide constitutionally-mandated assistance: (1) by stipulating to the admissibility of all the government's exhibits; (2) by failing to object on the grounds of hearsay and lack of foundation to the testimony of Agent Nugent; and (3) by failing to move to suppress Defendant's statements to federal agents and to co-defendant Campbell. Defendant requests an evidentiary hearing.

### IV.   DISCUSSION

   A.   **TRIAL COUNSEL'S PERFORMANCE WAS NOT OBJECTIVELY UNREASONABLE.**

      1.   Stipulation to Admissibility of Evidence

Defendant contends that his counsel did not provide constitutionally-mandated assistance by stipulating prior to trial to the "admission of every document introduced by the prosecution without authentication and foundation." (Petition at p.6.) Defendant argues that this stipulation "deprived the defendant of his right to the confrontation of the witnesses and the ability to question viability of the documents introduced into evidence." (*Id.*)

The government asserts that counsel's stipulation to the admissibility of the government's exhibits was a strategic decision. In his declaration, submitted by the government in opposition to Defendant's petition, Defendant's counsel states three reasons for stipulating to the admissibility of the government's exhibits: (1) counsel's strategy "involved an alternate, innocent explanation of these documents"; (2) counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3375 AHM<br>CR 04-630 AHM√ | Date | April 17, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. ASIF ABBAS | | |

did not want to appear "obstructionist"; and (3) counsel was complying with the Court's suggestion that parties reach stipulations as to the admissibility of evidence. (Behzadi Decl. ¶ 6.) Moreover, the government notes that the stipulations regarding evidence were reciprocal; the government stipulated to the admissibility of all of Defendant's exhibits. (Trans. 6/21/05: 2.) Finally, the government argues and Defendant's counsel corroborates that "the centerpiece of the trial strategy" of Defendant's counsel was "to defeat an element of the offense, namely the intent to defraud." (Behzadi Decl. ¶ 4.) In his opening statement, Defendant's counsel stated that "[w]e are not disputing that . . . these credit references were not, in fact, true . . . [J]ust lying, in and of itself, is not a crime unless there is an intent -- there is an intent behind the lying to defraud somebody." (Trans. 6/21/05: 34-35.)

     Given counsel's asserted trial strategy, the government's reciprocal stipulation, and counsel's desire to comply with the Court's suggestion and not appear obstructionist before the jury, counsel's decision to stipulate to the admissibility of the government's exhibits was a calculated decision that was part of a larger trial strategy. *See Hensley v. Crist*, 67 F.3d 181, 185 (9th Cir. 1995) ("Tactical decisions that are not objectively unreasonable do not constitute ineffective assistance of counsel."); *Wilson v. Gray*, 345 F.2d 282, 286 (9th Cir. 1965) ("It has been consistently held that the accused may waive his right to cross examination and confrontation and that the waiver of this right may be accomplished by the accused's counsel as a matter of trial tactics or strategy."). Moreover, the Ninth Circuit has declined to find counsel's performance ineffective even in circumstances where trial counsel advised his client to agree to an entire trial on stipulated facts. *See Hensley*, 67 F.3d at 185 ("Considering the sheer weight of the evidence against Hensley, his counsel's advice to submit the case on stipulated facts, in the hopes of a reversal, is not objectively unreasonable."). Thus, counsel's stipulation was not objectively unreasonable.

     2.     <u>Failure to Object to Nugent's Testimony</u>

     Defendant argues that his counsel did not provide constitutionally-mandated assistance by failing to object to the testimony of Agent Nugent on the grounds of hearsay or lack of foundation. Defendant contends that Agent Nugent's testimony was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3375 AHM<br>CR 04-630 AHM√ | Date | April 17, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. ASIF ABBAS | | |

hearsay and should not have been allowed. In support of this argument, Defendant relies on the following sidebar conference between the Court and counsel during the testimony of a different witness, co-defendant Taimur Jan:

> The Court: Mr. Behzadi [the defense counsel], what are you doing? What are you doing or what are you failing to do?
>
> Mr. Behzadi: I was about to object to the question. I was waiting for the end of the question, You Honor.
>
> The Court: Mr. Behzadi, you have failed to object to probably 100 improper questions. I have done what I think is the most I can do, as a judge, to level the playing field here. You have – you have allowed this witness to testify to who knows how many different conversations without even requiring a foundation to be laid. Now, maybe this is part of your trial strategy. Maybe you don't care to tell me, if that's the case.
>
> Mr. Behzadi: Certainly, Your Honor, of course I care about this thing. But there were a couple objections that I was going to make objections to– it was a leading question right at the beginning– that I did not make, but the Court certainly brought it to the government's attention.
>
> The Court: That puts the Court in an untenable position, Mr. Behzadi. I am not here to object for your client. I cannot abide by a situation where you are permitting [the prosecutor] to dance all over the landscape, get in all this conclusory information without foundation being laid. If that's your trial strategy for doing that, tell me right now.
>
> Mr. Behzadi: You Honor, I am going to correct this strategy, and I am going to ask for foundation. And this is going to be corrected from now on.

(Trans. 6/22/05: 96-97.) The next day, the following exchange took place prior to the jury's arrival:

> Mr. Behzadi: Your Honor, yesterday, the Court raised some concerns about my not being responsive in bringing objections on some questions that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3375 AHM<br>CR 04-630 AHM√ | Date | April 17, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. ASIF ABBAS | | |

required foundational objections, and I just wanted to bring – point out that – make it clear for the Court that the reason that I did not object to those questions was that I knew that [the prosecutor] was going to easily lay the foundation for those– for the questions that he was asking Mr. Jan, and I didn't want to appear to be obstructionist to the jury.

The Court: All right.  Well, my concerns aren't about issues, just foundation.  I'm not sure what your strategy is, and I'm not going to comment on anything more at this point.

[The prosecutor]: Your honor, for the record.

The Court: Yes.

[The prosecutor]: I do apologize to the Court and to Mr. Behzadi and the defendant for the way I've been trying to push things along too quickly in this case.  I am skipping steps.  I appreciate the Court pointing it out to me, I have been too concerned with the time limits in this case, and I apologize.  I am going to be here today.

The Court: Apologies from both of you are accepted.  They are very nice and professional.  Don't make too much out of it.  I have certain views about the presentation of evidence and the rights of jurors and the responsibilities of the Court which result in, on occasion, imposing time limits.  You're not even close to the time limits, and that's true with the defense predictions.  The examination of Jan was very brief.  But nothing I said invites or requires step skipping or – or any of the other choices, let me put it that way, that counsel have made.

(Trans. 6/23/05: 5-6.)

The government argues that Defendant's counsel had legitimate, strategic reasons for not objecting.  First, counsel did not want to appear "obstructionist."  (Trans. 6/23/05: 5.)  *See United States v. Molina*, 934 F.2d 1440, 1448 (9th Cir. 1991) (identifying as reasonable counsel's fear that a jury could construe objections during closing argument as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3375 AHM<br>CR 04-630 AHM√ | Date | April 17, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. ASIF ABBAS | | |

a "sign of desperation"). Second, counsel estimated that such objections would achieve little because he "knew that [the prosecutor] was going to easily lay the foundation for [the] questions that he was asking Mr. Jan." (Trans. 6/23/05: 5.) Third, counsel's trial strategy was to challenge the credibility of Mr. Jan. (Behzadi Decl. ¶ 5) ("The key to the trial, in my opinion, was whether the jury believed the testimony of Taimur Jan" and the hope that Defendant's testimony "would cast sufficient doubt on Mr. Jan's testimony to create a reasonable doubt as to [Defendant's] guilt."). Both parties' emphasis on the foregoing colloquies, arising out of Jan's testimony, are misplaced. The thrust of this motion concerned Nugent's testimony. That said, however, counsel clearly did fail on several occasions to object to improper testimony at trial. However, it appears that counsel's decision not to object was a strategic decision consistent with his theory of the case (as reflected in his opening statement.) Not to require the prosecution to lay a better foundation was ill-advised and unnecessary, in this Court's view, but given that judicial scrutiny of counsel's performance must be "highly deferential," counsel's failure to object to Nugent's testimony does not constitute deficient performance.

### 3. Failure to Move to Suppress Defendant's Statements to Federal Agents and to Mr. Campbell

Defendant asserts that his counsel did not provide constitutionally-mandated assistance by failing to move to suppress his statements to the federal agents or object to their introduction at trial. Defendant contends that his statements to Agent Nugent "should not have been admitted in the first place and objected to on the grounds of violation of the 5th Amendment of the Constitution." (Petition at p.8.) Defendant argues that because "the federal agents already knew about the defendant's involvement in the scheme prior to the interview," he should have been "Mirandized" and informed of his Fifth and Sixth Amendment rights prior to the interview.

An attorney's "failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1985).

Defendant must show that counsel failed to investigate the exclusionary challenge. *Anderson v. Alameida*, 397 F.3d 1175, 1179 (9th Cir. 2005).

According to his declaration, Defendant's counsel "carefully considered and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3375 AHM<br>CR 04-630 AHM√ | Date | April 17, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. ASIF ABBAS | | |

rejected the notion of filing a motion to suppress [Defendant's] pre-arrest statements" because the "statements were made during an interview that had no hint of a custodial interrogation." (Behzadi Decl. ¶ 7.) Counsel "concluded that the statements could not be suppressed under either the Fifth or Sixth Amendments because [Defendant] was neither in custody nor under indictment when he made the statements." (Behzadi Decl. ¶ 7.) Thus, counsel's decision not to file a motion to suppress resulted from his assessment of the law and facts relevant to the motion. *See Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."). Moreover, as discussed below, even if counsel had moved to suppress Defendant's statements to the federal agents, the Court would have denied the motion. Accordingly, Defendant has not met his burden in establishing that counsel's performance was deficient.

### B. IN ANY EVENT, THERE WAS NO PREJUDICE.

To satisfy the prejudice prong of the *Strickland* test, Defendant must establish that "there is a reasonable probability, defined as a probability sufficient to undermine confidence in the outcome, that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hovey v. Ayers*, 458 F.3d 892, 904 (9th Cir. 2006) (citing *Strickland*, 466 U.S. at 694) (internal quotations deleted).

#### 1. Stipulation to Admissibility of Evidence

Defendant does not argue that the evidence introduced pursuant to counsel's stipulation was inadmissible. The government contends that most of the documents on its exhibit list were business records authenticated by a certificate of authenticity pursuant to Rule 902(11) of the Federal Rules of Evidence. (Trans. 6/22/05: 6.) The government also asserts that the remaining documents were recovered during searches of co-defendant's Jan belongings and that Jan's statement were admissible as a party admission under Rule 801(d)(2) of the Federal Rules of Evidence. Defendant has not established that but for counsel's stipulation, the evidence would not have been admitted and the result of the trial would have been different.

#### 2. Failure to Object to Nugent's Testimony

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3375 AHM<br>CR 04-630 AHM√ | Date | April 17, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. ASIF ABBAS | | |

Defendant claims that the testimony of Agent Nugent was "conclusory, hearsay and without foundation." Defendant argues that the admission of Agent Nugent's testimony "create[d] the fiction that Agent Nugent's version of the events was corroborated by other witnesses who were not present for examination." (Petition at p.7,14.) Nugent's testimony included his description of the credit references submitted to victim company Digi-Key and his expert opinion as to whether those documents reflected a fraudulent scheme. (Trans. 6/21/05: 69,74-75.) Nugent also testified that he believed that the documents from victim company Digi-Key were consistent with a credit "bust-out" scheme. (Trans. 6/21/05: 69.) It is not disputed that the information in those documents was false. In his opening statement, Defendant's counsel acknowledged that Defendant submitted to the victim companies "credit references [that] were not, in fact, true." (Trans. 6/21/05: 34.) In any event, expert witnesses may based their opinions on inadmissible evidence. *See* Fed. R. Evid. 703 ("If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted."). Thus, even if Defendant's counsel had objected at trial to the testimony of Agent Nugent, there is not a reasonable probability that the result of the trial would have been different - - particularly in light of defendant's decision to testify. His testimony sealed his own fate.

       3.    <u>Failure to Move to Suppress Defendant's Statements to Federal Agents and to Mr. Campbell</u>

Counsel's failure to file a motion to suppress Defendant's statements to federal agents and to Mr. Campbell was not prejudicial. The Court would have denied such a motion.

As stated in *United States v. Kim*, 292 F.3d 969, 973-74 (9th Cir. 2002), law enforcement officers are obligated to

> give a suspect *Miranda* warnings before interrogation extends only to those instances where the individual is "in custody." To determine whether an individual was in custody, a court must, after examining all of the circumstances surrounding the interrogation, decide "whether there [was] a formal arrest or restraint on freedom of movement of the degree associated

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3375 AHM<br>CR 04-630 AHM✓ | Date | April 17, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. ASIF ABBAS | | |

with a formal arrest." The inquiry focuses on the objective circumstances of the interrogation, not the subjective views of the officers or the individual being questioned. That is, we must determine whether "the officers established a setting from which a reasonable person would believe that he or she was not free to leave." The following factors are among those likely to be relevant to deciding that question: "(1) the language used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual."

(citations omitted).

Federal agents interviewed Defendant at a federal courthouse, at his place of business, and at a coffee shop. During these interviews, Defendant was not under formal arrest and, based on the evidence in the record, there was no restraint on his freedom of movement. Defendant voluntarily appeared at co-defendant Jan's initial appearance and detention hearing. Defendant voluntarily spoke with federal agents at the courthouse. There is no evidence that Defendant was not free to leave the courthouse or that his freedom of movement was restrained. *See United States v. Hayden*, 260 F.3d 1062, 1066 (9th Cir. 2001) (finding that defendant was not "in custody" where she appeared voluntarily for two interviews in an FBI building and there was "no evidence that [she] was incapable of finding her way out of the FBI building or that her ability to leave was in any other way restrained"). Defendant then agreed to meet with the federal agents at his place of business and later at a nearby coffee shop. These circumstances indicate that Defendant was not "in custody" when he spoke with the federal agents. Thus, because *Miranda* warnings were not required, the Court would have likely denied a motion to suppress.

Finally, Defendant argues that his statements to co-defendant Campbell were inadmissible because Campbell "was recruited by the government to participate in the wired conversations, even though the government was aware that [Defendant] was represented by counsel." (Petition at p.3.) This argument is without merit. Defendant cites no evidence in the record that he was represented by counsel at the time of these conversations or that the government was aware of his potential representation by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3375 AHM<br>CR 04-630 AHM√ | | Date | April 17, 2008 |
|---|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. ASIF ABBAS | | | |

counsel. Moreover, Defendant's Sixth Amendment right to counsel only attaches upon the commencement of adversarial proceedings. *Massiah v. United States*, 377 U.S. 291 (1964). When Defendant spoke with Campbell on July 8, 2004, a grand jury had not yet charged Defendant. (Trans. 6/22/05: 21.)

Thus, even if counsel had moved to suppress Defendant's statements to federal agents or to Campbell, there is not a reasonable probability that the result of the trial would have been different. Accordingly, Defendant has failed to establish a sufficient showing of prejudice to prove constitutionally ineffective assistance of counsel.

### C. THERE IS NO NEED FOR A HEARING.

In her Reply to the Government's opposition, defendant's counsel purported to refute Mr. Behzadi's assertions in his declaration regarding his strategy. She made several serious allegations, including that "In fact, [counsel] never discussed any strategy with Abbas; . . . he never prepared Abbas for testimony and told Abbas that he will be testifying just an hour in advance . . . ." Counsel did not submit any sworn declaration from defendant to back up these assertions and at least one of them is plainly incorrect. On June 21, 2005, in his opening statement, Mr. Behzadi stated that "Mr. Abbas will testify . . . ." (Page 34). It was not until two days later, on June 23rd, that defendant did testify. Hardly a mere one hour notice.

Given the overwhelming evidence of guilt and the absence of any genuine factual disputes, it is unnecessary to conduct a hearing.

/ / /

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3375 AHM<br>CR 04-630 AHM√ | Date | April 17, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. ASIF ABBAS | | |

## V.    DEFENDANT'S MOTION FOR RETURN OF PROPERTY

On April 30, 2007, pursuant to Federal Rule of Criminal Procedure 41(g), Defendant moved for the return of property that FBI agents had seized from his store. Defendant argues that on April 28, 2004, two FBI agents visited his store and asked for permission to search it. Defendant agreed. Claiming that the property would be for investigative purposes, the agents seized, without Defendant's consent, ten LCD monitors and twelve PC Card data fax modems.

Rule 41(g) provides that: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." Fed. R. Crim. P. A motion under Rule 41(e), the prior version of Rule 41(g), was "properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *United States v. Fitzen*, 80 F.3d 387, 388 (9th Cir. 1996) (affirming district court's denial of motion for return of property that had been forfeited to the state).

Here, Defendant's property is contraband and subject to ongoing forfeiture proceedings. The government presents evidence that Defendant purchased the computer equipment in question from co-defendant Taimur Jan, who obtained the products by lying on credit applications that misled companies into believing the creditworthiness of Jan's company. (Sullivan Decl. ¶¶ 4-6.) Thus, the computer equipment constitutes the proceeds of fraudulent activity and contraband to which Defendant is not entitled under Rule 41. *See United States v. Martinson*, 809 F.2d 1364, 1368 (9th Cir. 1987) (concluding that "even if the seizure was lawful the government must justify its continued possession of the property by demonstrating that it is contraband or subject to forfeiture").

Moreover, the property in question is subject to ongoing forfeiture proceedings. In November 2006, the government contacted Defendant's then attorney and informed her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3375 AHM<br>CR 04-630 AHM√ | Date | April 17, 2008 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. ASIF ABBAS | | |

that the government intended to seek forfeiture of the computer equipment. (Umhofer Decl. ¶ 2.) On May 10, 2007, the government initiated administrative forfeiture proceedings concerning the computer equipment. (Sullivan Decl. ¶ 8.) On that date, the government sent Defendant a "Notice Re: Computer Monitors/PC Cards" advising Defendant that he had 30 days to claim the property. (Sullivan Decl. Ex. 1.) "It is well-settled that the federal government may defeat a Rule 41(e) motion by demonstrating that the property is subject to federal forfeiture." *Fitzen*, 80 F.3d at 389. Thus, because the government has established that Defendant is not entitled to the property, the Court DENIES Defendant's motion[1] for return of property.

## VI. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to vacate, set aside, or correct his sentence.[2]

IT IS SO ORDERED.

No hearing is necessary. Fed. R. Civ. P. 78(b); L.R. 7-15.

                                                                     :

Initials of Preparer        SMO

---

[1] Docket No. 322 (CR 04-630).

[2] Docket No. 1.